## ROBERTS *v.* SWIFT and others.

(*District Court, D. Massachusetts.* October 23, 1882.)

ADMIRALTY—ADVANCE WAGES—INSURANCE.

> Where it is customary to charge seamen with interest and insurance on advances on account of wages, etc., as an idemnity to owners in case of loss, such seamen are not entitled to any part of the insurance paid the owners.

NELSON, D. J. The libelant proceeds for his lay of one-seventieth, as third mate of the ship Cornelius Howland, which sailed from New Bedford on a whaling voyage in July, 1874. In September, 1876, the ship was wrecked and abandoned in the Arctic ocean, and both the ship and the catchings on board were a total loss. Oil and bone, however, had been previously shipped home, and in November, 1876, the voyage was settled. In the settlement the libelant received $392.94, the amount supposed to be due him on his lay after deducting his advances and ship's bill, with certain charges for interest and insurance. He at the same time signed a receipt discharging the ship and owners from all further claims. The shipping articles signed by the libelant at the commencement of the voyage contained the usual clause that the owners and agents might make the customary charges for interest and insurance on advances. Under this clause the libelant was charged in the settlement with $5\frac{1}{2}$ per cent. on his advances, as insurance, being the usual rate charged by the underwriters for one year's insurance in July, 1874.

In March, 1877, the respondents collected of the underwriters $20,105, as insurance on the lost cargo. The libelant now claims that he is entitled to recover his lay of one-seventieth in the whole or some part of this insurance money.

In the case of *The Cleone*, heard by me at the March term, 1879, I held that the term "insurance on advances," as used in this clause, could have no other meaning than that ordinarily given to it, as signifying a policy of insurance effected in the usual way, and that having charged the seaman with a sum of money as insurance, the owners must be deemed to have undertaken to insure the advance for his benefit as well as their own. That case was submitted upon the shipping articles alone, and the court was called upon to construe the contract without the aid to be derived from the usages of the port of New Bedford. But it now appears by the evidence in this case that it has long been the practice in New Bedford to make this charge to the seaman, and that it is intended to be an indemnity for

the risk assumed by the owners in paying advanced wages at the commencement of the voyage, and that this charge has never been understood by the parties to have the effect to give the seaman any interest in the insurance effected by the owners, or to bind the owners to insure for his benefit. Whether the charge is a reasonable and proper one it is unnecessary now to consider. It is clear that the libelant signed the shipping articles without any expectation of deriving benefit from the insurance should any part of the catchings · of the voyage be lost. His settlement was therefore made in accordance with his understanding of his shipping contract. As he received all he intended to bargain for, no injustice was done him, and no reason exists for opening the settlement.

Libel dismissed.